IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick Delvon Harris, | ) C/A No. 0:12-2754-JMC-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| William R. Byars, Jr., *Director (SCDC)*; Wayne A. McCabe, *Warden (LCI)*; Vera Jenkins, *Inmate Grievance Coord. (LCI)*; Ann Hallman, *IGC Branch Chief (SCDC)*; Patty Britt-Pooser, *Admin. Asst. (LCI)*, | ) |
| Defendants. | ) |

The plaintiff, Patrick Delvon Harris, ("Plaintiff"), a self-represented litigant, brings this civil action pursuant to 42 U.S.C. § 1983 against several employees of the South Carolina Department of Corrections ("SCDC"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint and Amended Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff alleges that on or about November 6, 2011, while incarcerated at Lieber Correctional Institution ("Lieber"), he was placed in "SMU or Special Management Unit." (See Compl., ECF No. 1 at 3.) He alleges he remained in SMU for about forty-five days without any prison official giving him adequate written notice or justification of the reason. (Id.) He alleges he had not committed any SCDC rule or policy violation but he was held in restrictive conditions during that time period in violation of his due process rights and right to be free from cruel and unusual punishment. (Id.) Specifically, Plaintiff describes

the restrictive conditions as lost privileges including visitation, canteen, telephone usage, and possession of his legal box with legal materials and papers. (Id.) Exhibits attached to the Complaint indicate that Plaintiff was attacked on November 6, 2011, and several teeth were knocked loose. (ECF No. 1-1 at 5.) Further, on November 8, 2011, a nurse instructed Plaintiff *not* to blow his nose for one week and to continue to take an antibiotic. (Id. at 7.) Plaintiff alleges that he was held in the SMU until his transfer to McCormick Correctional Institution on December 21, 2011, which is his current location of imprisonment. (ECF No. 1 at 2-3.)

Plaintiff alleges on or about November 17, 2011, he filed two grievances within the prison grievance system at Lieber—one concerning his confinement in the SMU without cause and one concerning medical treatment for his physical pain from injuries. (Id. at 3.) He alleges that after ten months Defendants Jenkins and McCabe have not responded to his grievances. (Id.) He alleges that Defendant Britt-Pooser informed him that his grievances were entered into the "OMS System," and Plaintiff alleges the time for a response has passed. (Id.) Plaintiff alleges that he, therefore, has been denied the chance to exhaust the prison administrative process and access to the courts. (Id. at 3-4.)

Plaintiff alleges that he is suing the following individuals: William R. Byars, Jr, the SCDC Director; Wayne A. McCabe, the Warden of Lieber; Vera Jenkins, the Inmate Grievance Coordinator of Lieber; Patty Britt-Pooser, the Administrative Assistant of Lieber; and Ann Hallman, the SCDC Inmate Grievance Coordinator Branch Chief. (Id. at 2.) Plaintiff alleges that Defendants Byars, McCabe, and Hallman created a policy or custom to allow unconstitutional practices to occur and they were grossly negligent or deliberately

indifferent in supervising subordinates who committed wrongful acts. (Id. at 4.) Plaintiff seeks damages, injunctive, and declaratory relief. (Id. at 5.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



This court is required to liberally construe *pro se* complaints. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, <u>id.</u>; <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. <u>Erickson</u>, 551 U.S. at 93 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990); <u>see also Ashcroft v. Iqbal</u>, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

This Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's allegations that the defendants failed to respond to his prison grievances do not state a cognizable constitutional claim. It is well-settled that an inmate's access to and participation in a prison's grievance process are not constitutionally protected. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Taylor v. Lang, No. 12-6069, 2012 WL 2354460, at *2 (4th Cir. June 21, 2012); Sweat v. Harell, C/A No. 9:09-2040-HFF-BM, 2009 WL 3334451, at *3 (D.S.C. Oct. 15, 2009). Thus, even if the defendants improperly delayed or failed to respond to Plaintiff's grievances filed at Lieber, such conduct does not violate the Constitution. Moreover, to the extent Plaintiff is suing Defendants Byars, McCabe, and Hallman based on their alleged failures to supervise subordinates who have acted wrongfully in administering the prison grievance process, such conduct fails to state a claim pursuant to § 1983. The doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions such that a supervisor is not liable for an employee's



actions solely due to his role as a supervisor. See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (a local government cannot be vicariously liable for its employees' actions); Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.").

Additionally, Plaintiff's allegation that he was wrongfully placed without reason in the Lieber SMU does not state a cognizable constitutional claim.[2]  There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. See McKune v. Lile, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); Meachum v. Fano, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"). The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and those decisions are not subject to review *unless* state or federal law places limitations on official discretion. Cf. Hayes v. Thompson, 726 F.2d 1015, 1017 (4th Cir. 1984) (remanding the case for a determination of whether Virginia prison regulations limit prison officials' discretion to transfer inmates). South Carolina law confers no protected liberty interest upon SCDC inmates from being placed in a particular prison, in a particular section of the prison, or

---

[2] In fact, although Plaintiff alleges there was no reason for his confinement in the Lieber SMU, the reasonable inference from the Complaint and exhibits is that prison officials placed Plaintiff in segregation to protect him from another attack such as the one that occurred on November 6, 2011, when several of his teeth were knocked loose. Under certain circumstances, prison officials are required to protect inmates from violent attacks by other inmates. See Farmer v. Brennan, 511 U.S. 825, 833 (1994).



being placed in administrative segregation. See Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) (finding that South Carolina state law does not limit the discretion of prison officials' utilizing administrative segregation); Phillips v. South Carolina Dep't of Corr., C/A No. 8:10-1331-HFF-BHH, 2010 WL 2756910, at *2 (D.S.C. June 17, 2010), adopted by, 2010 WL 2754223 (D.S.C. July 12, 2010).

Further, if an inmate's privileges are limited during his confinement in administrative segregation, this is neither cruel and unusual nor a violation of due process because an inmate should reasonably anticipate being confined in administrative segregation at some point in his or her incarceration. Keeler, 782 F. Supp at 44.  There is no constitutional right to visitation in prison, Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989), nor to making phone calls in prison, Pierre v. Ozmint, C/A No. 3:09-226-CMC-JRM, 2010 WL 679946, at *7 (D.S.C. Feb. 24, 2010), aff'd 410 F. App'x 595 (4th Cir. 2011), nor to canteen access in prison.  Id.  South Carolina also does not confer a protected liberty interest upon SCDC inmates with regard to those privileges.  Id.  Thus, Plaintiff's allegation that his privileges were wrongfully revoked during his time in the Lieber SMU fails to state a cognizable claim pursuant to § 1983.

Finally, Plaintiff's allegation that he has been denied access to the courts fails to state a claim on which relief may be granted.  While there is a constitutional right to meaningful access to the courts to bring challenges to sentences or conditions of confinement, Lewis v. Casey, 518 U.S. 343, 349-53 (1996), it is well settled that a prisoner must allege specific actual injury resulting from the alleged denial.  Id. (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-



frivolous legal claim had been frustrated or was being impeded). Here, Plaintiff was able to file this lawsuit, and he does not allege any facts as to how a pending legal case, or any other legal matter, was adversely affected due to his denial of access to legal materials during his time in the Lieber SMU.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 28, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).