## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | |
|---|---|
| Patrick Delvon Harris, ) | |
| ) | Civil Action No. 0:12-cv-02754-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| William R. Byars, Jr., SCDC Director; ) | |
| Wayne A. McCabe, LCI Warden; Vera ) | |
| Jenkins, LCI Inmate Grievance Coordinator; ) | |
| Ann Hallman, SCDC Branch Chief; Patty ) | |
| Britt-Pooser, LCI Administrative Assistant, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is now before the court upon the magistrate judge's Report and Recommendation ("Report") (ECF No. 13), filed November 29, 2012, recommending that the court summarily dismiss *pro se* Plaintiff Patrick Delvon Harris's ("Plaintiff") Complaint (ECF No. 1) and Amended Complaint (ECF No. 10). Plaintiff's complaint, filed under 42 U.S.C. § 1983, alleges unjustified placement in the Special Management Unit ("SMU") in violation of due process and Eighth Amendment protections against cruel and unusual punishment. (ECF No. 1 at 3). Plaintiff's complaint also alleges an improper delay in the process of his grievances in violation of his right to access the courts. *Id.* at 3–4. Plaintiff has filed his complaint pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. (ECF No. 12). For the reasons stated herein, the court **ACCEPTS** the magistrate judge's Report and **DISMISSES** Plaintiff's Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the background in this case is warranted.

1

Prior to filing his complaint, Plaintiff was apparently incarcerated at the Lieber Correctional Institution ("LCI"), a facility managed by the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 3). By the time of his filings, Plaintiff had been transferred to the McCormick Correctional Institution, also managed by SCDC. *Id.* at 2, 3. Plaintiff filed this action on September 24, 2012, presenting two claims. Firstly, Plaintiff asserted that he was placed in the SMU on or about November 6, 2011, for approximately forty-five days and yet was never provided written notice or justification for his placement. *Id.* at 3. Plaintiff claimed that he had not committed any violations of SCDC rules or policies to warrant SMU placement. *Id.* Plaintiff stated that he was deprived of privileges including visits, legal materials, use of the canteen, and telephone calls. *Id.*

As a second claim, Plaintiff alleged that LCI staff members have failed to process two grievances he submitted. *Id.* The first grievance concerned Plaintiff's SMU placement. *Id.* The second grievance regarded medical treatment, or the lack thereof, by LCI medical staff for Plaintiff's physical injuries. *Id.*

The magistrate judge issued the Report on November 29, 2012, recommending that the court dismiss Plaintiff's complaint for failure to state a claim. (ECF No. 13 at 5–8). The magistrate judge found that Plaintiff's argument of wrongful SMU placement was not cognizable because prisoners do not have a constitutional right to be housed at a particular custody level and South Carolina has not created such an interest. *Id.* at 6–7 (citing *McKune v. Lile*, 536 U.S. 24, 26 (2002); *Keller v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992)). Moreover, the Report noted that all prisoners should reasonably expect to be so confined at some point during their imprisonment. (ECF No. 13 at 7) (citing *Keller*, 782 F. Supp. at 44). The magistrate judge concluded that the limiting of privileges which Plaintiff experienced while in SMU confinement

2

was not an interest protected by the constitution and that South Carolina does not confer a protected liberty interest for prisoner privileges. (ECF No. 13 at 7) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989); *Pierre v. Ozmint*, No. 09-226, 2010 WL 679946, at *7 (D.S.C. Feb. 25, 2010)).

The magistrate judge found that Plaintiff's claim that Defendants failed to respond to his grievances is without merit because there is no right under the constitution for a prisoner to participate in the prison grievance process. (ECF No. 13 at 5) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)). The magistrate judge also concluded that Plaintiff has not sufficiently alleged an access to courts claim under *Lewis v. Casey*, 518 U.S. 343 (1996), because he did not claim an actual injury, such as a non-frivolous legal claim being frustrated or impeded. (ECF No. 13 at 7–8) (citing *Lewis*, 518 U.S. at 349–53). The magistrate judge further observed that to the extent Plaintiff seeks to hold any of Defendants liable as supervisors or managers pursuant to the doctrines of vicarious liability and respondeat superior, such liability is not applicable to § 1983 claims. (ECF No. 13 at 5–6).

On December 14, 2012, Plaintiff filed Objections to the Report ("Objections") (ECF No. 15). In his Objections, Plaintiff alleges that the magistrate judge has not been impartial and argues that the Report prematurely dismisses claims, which he contends are entitled to further factual development. *Id.* at 2. In support of his allegation of magistrate judge bias, Plaintiff states there is a conflict of interest because the magistrate judge presided over his prior habeas action. *Id.* In response to the magistrate judge's finding that wrongful SMU placement is not a constitutional violation, Plaintiff appears to argue that South Carolina has created a liberty interest with respect to administrative segregation that warrants due process protection. *See id.* at 3 (citing *Sandin v. Conner*, 515 U.S. 472 (1995); *Hewitt v. Helms*, 459 U.S. 460 (1982); *Engel v.*

3

*Wendl*, 921 F.2d 148 (8th Cir. 1990)).  Plaintiff also counters the Report's finding of no right to prisoner privileges by contending that the case cited by the magistrate judge in support of this conclusion *Kentucky Dep't of Corr.*, 490 U.S. 454, has been overruled by *Sandin*, 515 U.S. 472.

Plaintiff does not specifically object to the magistrate judge's conclusion that there is no constitutional right to a grievance process.  (*See* ECF No. 15 at 4–5).  Instead, he further alleges that his grievances have been pending for more than a year.  *Id.* at 4.  It appears that in support of his access to courts claim, Plaintiff alleges the injury of possibly having difficulty in later raising a claim of failure to prevent harm from the violent acts of other prisoners.  *See id.* at 5.  It seems that Plaintiff believes his claim of unjustified SMU placement is somehow connected to a claim of failure to prevent harm.  *See id.*  Plaintiff objects to the Report's finding that Defendants cannot be held liable under vicarious liability and respondeat superior doctrines by claiming that the supervisors were made aware of his grievances.  *Id.* at 5–6.  Plaintiff argues that by failing to remedy the situation, the supervisors created and helped continue the practice of not responding to prisoner grievances.  *Id.*  Plaintiff makes similar allegations with respect to his SMU placement claim, contending that Defendants knew of the violation and did not act.  *Id.* at 6.  For those reasons, Plaintiff implies that Defendants may be held liable as supervisors.  *Id.*

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber,* 423 U.S. 261, 270–71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections

4

are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

## DISCUSSION

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999). The court addresses each of Plaintiff's objections in sequence.

Plaintiff's allegation that the magistrate judge is biased because the judge also presided over Plaintiff's prior habeas corpus action is without merit. Although the magistrate judge's ruling in Plaintiff's prior case was unfavorable, *see Harris v. Bodison*, No. 8-3964, 2010 WL 2464886 (D.S.C. May 17, 2010), that fact alone does not establish judicial bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Plaintiff's objection regarding his SMU placement is also meritless. To assert the deprivation of a liberty interest protected by due process in the administrative segregation context, Plaintiff must show that the segregation created an atypical or significant hardship as compared to the ordinary incidents of prison life. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir.

5

1997); *see also, Sandin*, 515 U.S. at 483–84.  Plaintiff has not alleged any facts that would tend to establish such hardship.  Moreover, while Plaintiff asserts South Carolina has created a liberty interest with regard to administrative segregation, he merely cites SCDC regulations which themselves do not create a liberty interest.  *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992).  In the absence of a state law conferring such an interest, no liberty interest is generally implicated by administrative segregation in prison.  *See id.* ("The plaintiff here provides no authority that state law, as opposed to SCDC regulations, establishes a liberty interest."); *Deer v. Evatt*, 64 F.3d 656 (4th Cir. 1995) ("South Carolina statutes nor state prison regulations provide inmates with a liberty interest in their custody or security classifications."); *Anderson v. Green*, No. 08-2708, 2009 WL 2711885, at *3 (D. Md. Aug. 24, 2009) ("Under the reasoning of *Sandin*, it appears that no liberty interest is implicated in placement on segregation.").

Because a loss of privileges is necessarily attached to placement in segregation, the court finds that the above discussion addresses Plaintiff's argument with respect to privileges.[1]  As Plaintiff does not offer a specific objection to the magistrate judge's finding regarding his process of grievances claim, the court adopts the magistrate judge's conclusion with respect to that claim.

The court agrees with the Report that Plaintiff has not alleged sufficient injury for an access to courts claim.  To plead an access to courts claim, "[s]pecificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).  Plaintiff must show that he has been

---

[1] While Plaintiff contends that *Sandin v. Conner*, 515 U.S. 472, overrules *Kentucky Dep't of Corr.*, 490 U.S. 454, the court finds that *Sandin* only overrules *Kentucky Dep't of Corr.* to the extent that courts no longer look to prison regulations to determine if a liberty interest was created, but instead look to the nature of the deprivation itself.  *See Sandin*, 515 U.S. at 481–84.  *Sandin* does not support Plaintiff's contention that he had a due process right to certain privileges.  Instead, the nature of the *Sandin* decision was to reduce the entanglement of federal courts with the ordinary affairs of prison management.  *See Sandin*, 515 U.S. at 482–483 (explaining that the prior approach "led to the involvement of federal courts in the day-to-day management of prisons, often squandering judicial resources with little offsetting benefit to anyone.").

deprived of the ability to bring a nonfrivolous, legal claim to the courts. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *see also Akers v. Watts*, 740 F. Supp. 2d 83, 96 (D.D.C. 2010) stating that for an access to courts claim, a prisoner "must allege actual injuries as a result of the denial by claiming that an actionable claim was rejected, lost, or prevented from being filed."). The court is unable to determine what claim, if any, Plaintiff is alleging he is unable to file as a result of the actions of prison officials. To the degree that Plaintiff asserts that his injury is an inability to file his SMU placement claim, as discussed above, the court finds such claim frivolous and therefore inadequate to allege a deprivation of his access to courts.[2]

Therefore, having considered Plaintiff's Objections, the court finds that Plaintiff's arguments are not supported by the law.

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS** the magistrate judge's Report and Recommendation (ECF No. 13). This action is thereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 16, 2014
Greenville, South Carolina

---

[2] As Plaintiff's underlying claims related to his placement in administrative segregation and the non-processing of his grievances are without merit, the court finds it unnecessary to address Plaintiff's arguments pertaining to the doctrines of vicarious liability and respondeat superior.